UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

CHRISTINA DeBUSK,                )
                                 )
       *Plaintiff,*              )
                                 )          No. 1:25-cv-374
v.                               )
                                 )          Judge Collier
UNITED AIRLINES, INC.,           )          Magistrate Judge Dumitru
                                 )
       *Defendant.*              )

**M E M O R A N D U M**

Before the Court is a motion to dismiss or, in the alternative, to transfer venue by Defendant United Airlines, Inc. ("Defendant"). (Doc. 15.) Plaintiff Christina DeBusk ("Plaintiff") responded (Doc. 23), and Defendant replied (Doc. 24).

## I.   BACKGROUND

Between 2011 and 2016, Plaintiff was employed by Defendant as a Contact Center Supervisor at Defendant's Detroit, Michigan call center. (Doc. 1 ¶¶ 23–24.) In early 2016, Defendant closed the Detroit call center and all employees transitioned to remote work. (*Id.* ¶ 24.) Plaintiff accepted and worked remotely from Michigan for three months before relocating to Decatur, Tennessee in April 2016. (*Id.*)

On August 6, 2021, Defendant announced a COVID-19 vaccine requirement for all U.S. based employees, including remote supervisory employees like Plaintiff. (*Id.* ¶¶ 26, 28.) Defendant permitted religious or medical accommodation requests from the requirement. (*Id.* ¶ 27.) On August 31, 2021, Plaintiff submitted a written request for a religious accommodation from Defendant's vaccination requirement, explaining her objection to the COVID-19 vaccine based on her sincerely held religious beliefs. (*Id.* ¶ 35–36.) Plaintiff submitted this request while

working in Tennessee.  (Doc. 23-1 ¶ 23.)  On September 5, 2021, Defendant requested Plaintiff submit "written documentation from a third party… who is aware of [her] sincerely held religious belief and can support [her] request for a religious accommodation."  (Doc. 1 ¶ 37).  Plaintiff did not comply with this request and "explain[ed to United] that it is unlawful to condition a religious accommodation request on a third party's acknowledgment of her beliefs."  (*Id.* ¶ 40.) Defendant responded on September 27, 2021, by closing her case (*id.* ¶ 42), but then granted her an extension until November 1, 2021, to comply with the vaccination requirement (*Id.* ¶ 48). Plaintiff again did not comply, and on November 16, 2021, Defendant terminated Plaintiff's employment for noncompliance with the vaccination policy.  (*Id.* ¶¶ 50, 51.)

Plaintiff filed suit, alleging failure to accommodate her religious belief, religious discrimination, and retaliation, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, 3. (*Id.* ¶¶ 57–84.)  Defendant filed a motion to dismiss, or, in the alternative, to transfer venue.  (Doc. 15.)

## II.  <u>STANDARD OF REVIEW</u>

On a motion to dismiss for lack of personal jurisdiction, the "party seeking to assert personal jurisdiction bears the burden" of proving the court has jurisdiction over the defendant. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003).  When a question of jurisdiction is decided without an evidentiary hearing, courts are to look "only to the pleadings and affidavits of the nonmoving party and do not consider the moving party's conflicting assertions."  *Flynn v. Greg Anthony Constr. Co.*, 95 F. App'x 726, 731 (6th Cir. 2003) (citing *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)).  Where a court solely relies on written materials and affidavits, a plaintiff need only make a *prima facie* showing that jurisdiction is proper.  *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991).

2

### III.   **DISCUSSION**

A district court's exercise of personal jurisdiction must be authorized by the forum state's long-arm statute and comport with the Due Process Clause of the Fourteenth Amendment. *See Concord Music Grp., Inc. v. Anthropic PBC*, 738 F. Supp. 3d 973, 980-81 (M.D. Tenn. 2024) (citing *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549-50 (6th Cir. 2016)). Because Tennessee's long-arm statute, Tenn. Code. Ann. § 20-2-214, extends its jurisdiction to the limits of the Due Process Clause, this Court need only determine whether the exercise of personal jurisdiction in this case would violate Defendant's due process rights. *See id.* at 981.

Under the Due Process Clause, Defendant must "possess 'certain minimum contacts with' the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Johnson v. Griffin*, 85 F.4th 429, 432 (6th Cir. 2023) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Personal jurisdiction can be either general or specific, depending upon the nature of the contacts that the defendant has with the forum state." *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002). Both parties agree the Court does not have general jurisdiction over Defendant. (Doc. 23 at 20.) But Plaintiff asserts that the Court has specific jurisdiction over Defendant. (*Id.*)

"In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 264 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A., v. Brown*, 564 U.S. 915, 919 (2011)). The Court of Appeals for the Sixth Circuit has provided a test to determine whether the exercise of specific personal jurisdiction comports with Due Process. *See Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). Under

this test, three elements are necessary: (1) "the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state," (2) "the cause of action must arise from the defendant's activities there," and (3) "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Id.* (quoting *S. Mach. Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (6th Cir. 1968)). Because the Court finds no purposeful availment, it need not address the second two factors of the three-part test.

Remote work has grown since 2019, and in the first quarter of 2024, over one out of every five Americans worked remotely. Connor Borkowski, Rifat Kaynas, <u>Telework Trends</u>, U.S. Bureau of Lab. Stats., (Mar. 2025), https://www.bls.gov/opub/btn/volume-14/telework-trends.htm. With employers adopting "work-from-anywhere" policies, courts are tasked to apply personal jurisdiction rules to situations in which an employee may reside and work across the country from an employer, in a state the employer has never even visited. While the Court of Appeals for the Sixth Circuit has not addressed the issue of personal jurisdiction over fully remote employees, district courts have "looked for additional conduct from employers beyond the mere hiring of a remote employee to establish they expressly aimed their activities at the forum." *Concord Music Grp*., 738 F. Supp. 3d at 983 (quoting *Wiseman v. Ravyn Grp., Inc.*, No. C23-1281-JCC, 2023 U.S. Dist. LEXIS 218305, at *3 n.6 (Dec. 7, 2023)). In performing this analysis, courts have considered non-exhaustive factors such as whether:

> (1) the defendant solicited the employment of the plaintiff in the forum state; (2) the plaintiff worked predominantly from within the forum state; (3) the plaintiff was a high-level employee in the defendant's business; (4) the plaintiff signed the employment contract in the forum state; (5) the defendant had knowledge of, and "facilitated," the plaintiff's remote employment; and (6) the work the plaintiff performed in the forum state advanced the defendant's business interests in the forum state.

*Hall v. Rag-O-Rama, LLC*, 359 F. Supp. 3d 499, 511 (E.D. Ky. 2019). These factors help courts assess whether the defendant-employer's contacts with the forum state result from the employer's affirmative or overt actions, rather than the employee's unilateral activity.

Applying the above factors to the facts of this case, the Court finds that, while non-exhaustive and non-dispositive, Defendant did not purposefully avail itself of the forum state. Several factors cut against jurisdiction. First, Defendant did not solicit Plaintiff's employment in the forum state because Plaintiff was an employee of Defendant before she decided to move to Tennessee and before Defendant decided to transition to remote work. (Doc. 1 ¶ 24.) And although Plaintiff was a Contact Center Supervisor, she was not in a high-level role in which she would have had to make any company-wide policy or decisions. (*Id.* ¶ 23.) Furthermore, taking all inferences in light most favorable to Plaintiff, the Court finds the contract was not signed in Tennessee because Plaintiff had previously worked for Defendant in several other states for over twenty-six years and had never previously worked in Tennessee. (*Id.* ¶ 17–22.) Even when the company transitioned to remote work, she performed that remote position for the first three months in Michigan. (*Id.* ¶ 24.) Plaintiff also did not allege the contract was signed in Tennessee and the complaint makes it clear that the employment relationship and contracts commenced long before Plaintiff's move to Tennessee. And finally, Plaintiff's ties to Tennessee did not advance Defendant's business interests in the forum state. Defendant did not have a call center or base of operations in Tennessee. While it is true that closing physical call-center facilities saved Defendant expenses (Doc. 23-1 ¶ 8) and likely benefited Defendant, such cost-saving was not a result of Plaintiff's residence in *Tennessee*, but rather Defendant's ability to save on rent in Michigan. Closing a facility in Michigan and cutting costs does not mean that Defendant is benefiting from business specifically gained in Tennessee.

To be sure, some factors do cut in favor of jurisdiction and Plaintiff puts forth arguments that Defendant's knowledge of her location is sufficient to establish jurisdiction. For example, Plaintiff did work predominantly from within the forum state because she worked entirely remotely from a farm in Decatur, Tennessee. (Doc. 1 ¶ 24.) This factor favors personal jurisdiction. Furthermore, Defendant was aware of Plaintiff's location in Tennessee and furnished her with a computer and other tools to facilitate remote work. (Doc. 23-1 ¶ 11.) And Plaintiff argues that Defendant affirmatively approved of her remote work by designating her base as BNA, which is the Nashville International Airport. (*Id.* ¶ 13.) But all these factors arise out of Plaintiff's choice to move to Tennessee rather than any affirmative action on the part of Defendant to reach into Tennessee. These facts show nothing more than knowledge of the Plaintiff's location; it does not reach the level of affirmative action or purposeful availment.

Plaintiff also states that Defendant maintained a relationship with Plaintiff through e-mail and telephone communications. (Doc. 23-1 ¶ 18.) But this argument also fails. The Court of Appeals has held that communicating with an employee by telephone or mail is not enough to demonstrate availment. *See Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1119 (6th Cir. 1994) ("[T]he use of interstate facilities such as the telephone and mail is a secondary or ancillary factor and cannot alone provide the minimum contacts required by due process." (quoting *Lak, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1301 (6th Cir. 1989))); *Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 395 (6th Cir. 1997) (finding the defendant-seller's letters and calls into Michigan "purely fortuitous" because the defendant was not exploiting any market in Michigan and sent communications there merely because the plaintiff "found it convenient to be present there."); *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000) (finding the defendant's contacts with Ohio occurred solely because the plaintiff "chose to be

headquartered in Ohio," not because the defendant sought to further its business there).

This case is similar to *Concord Music Group, Inc.*, in which the district court found that it lacked personal jurisdiction over a group of remote workers. 738 F. Supp. 3d at 985. There, the court found that there were no allegations that the defendant company "affirmatively recruited these … employees to work in Tennessee, requested or required them to work in Tennessee after hiring them, came to Tennessee to meet with them, or expressly tasked them with establishing or extending [Defendant's] business in Tennessee," even though the plaintiffs worked predominantly in Tennessee and the defendant knew about their presence in Tennessee. *Id.* at 983.

So too here. There was no affirmative action or effort by Defendant to reach into Tennessee beyond mere acquiescence. Defendant could not have anticipated being haled into court in Tennessee because of a remote-work arrangement that allowed large amounts of flexibility of movement. Defendant's contacts with Tennessee are the result of Plaintiff's unilateral decision to work from Tennessee. Defendant decided to close its physical office and retain its employees remotely, but did not, to the Court's knowledge, limit where employees could work. Plaintiff decided, on her own, to move to Tennessee three months after the Michigan office closed. (Doc. 1 ¶ 24.) "[A]n employee's decision to live in a particular state, for her own convenience, is the kind of 'unilateral activity' of another party that does not, without more, constitute purposeful availment by the defendant." *Armstrong v. USA Auto. Partners, LLC*, No. 3:24-cv-01281, 2025 U.S. Dist. LEXIS 99911, *19 (M.D. Tenn. May 27, 2025); *see also Carpenter v. Southern Airways Express*, No. 2:21-cv-568, 2021 U.S. Dist. LEXIS 240151, *15 (S.D. Ohio Dec. 16, 2021) (finding employee's decision to work remotely from Ohio unilateral because employer had not affirmatively recruited employee to work in Ohio nor did it task her with any Ohio-specific work, and there was no evidence employee had "specifically bargained for the ability to work from

7

Ohio.").

If Defendant had any connection to Tennessee, it is only because Plaintiff chose to work there.   Plaintiff has not demonstrated that Defendant has purposefully availed itself of the forum state.   Therefore, Plaintiff's claims will be **DISMISSED WITHOUT PREJUDICE**[1]  for lack of personal jurisdiction.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[1] Defendant sought a dismissal with prejudice.   (Doc. 15 at 3.)   But "dismissals for lack of personal jurisdiction should be made 'without prejudice.'"   *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).