**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**Southern Division (Chattanooga)**

| | | |
|---|---|---|
| CHRISTINA DeBUSK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:25-cv-00374-CLC-MJD |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF**
**MOTION TO ALTER OR AMEND THE COURT'S JUDGMENT ORDER**

Twenty-one months before dismissing this case, this Court confronted a substantively identical dispute yet reached the opposite result. In *Panaro v. United Airlines, Inc.*, the same defendant moved to dismiss the same kind of suit for lack of personal jurisdiction or, in the alternative, to transfer the action to the Northern District of Illinois. 2024 WL 4291495 (E.D. Tenn. Sept. 25, 2024). This Court considered only the transfer question—even though that was United's alternative requested relief. Finding it in the interest of justice, this Court transferred the case rather than dismissing it for lack of personal jurisdiction, ***even though the Panaro plaintiffs never requested transfer as a fallback to their opposition to dismissal***. *Id.*, at *4. Here, however, presented with the same defendant, the same employment policy, the same forum dispute, the same alternative request *by United* to transfer to Illinois, ***and the same decision by Plaintiff not to request transfer as a fallback***, the Court took the opposite tack and dismissed this action. The two dispositions cannot be reconciled.

United cannot defend that divergence. Its opposition instead presses a series of procedural objections, none of which supplies a sound reason for treating this case differently from *Panaro*. To begin with, 28 U.S.C. § 1631 is not subject to a party's waiver. Once the Court found that it lacked personal jurisdiction, Section 1631 obligated it to determine whether

the interest of justice warranted transfer rather than dismissal. That duty belongs to the Court, and it does not turn on whether DeBusk invoked the statute by name, least of all where United itself asked the Court to transfer this action to the Northern District of Illinois. United's own lead authority confirms the point: *Cosmichrome, Inc. v. Spectra Chrome, LLC* holds that a court which finds it lacks jurisdiction "should have either dismissed the action without prejudice . . . or, in the interest of justice, transferred it," and it expressly reserves for the compelling reason now before the Court—a potential statute-of-limitations bar—whether a failure to transfer is an abuse of discretion. 504 F. App'x 468, 472 & n.4 (6th Cir. 2012).

Nor is the impending manifest injustice speculative. Title VII's ninety-day limitations period has run. The dismissal therefore threatens to extinguish claims that DeBusk filed on time, the very "compelling reason" for transfer that United's own authority identifies, and to force a terminated employee to bear the needless expense of starting over.

Finally, DeBusk's good-faith litigation of an unsettled jurisdictional question cannot justify a divergent result from *Panaro*, nor preclude Rule 59(e) relief. This Court found the jurisdictional question open and credited part of DeBusk's showing. (Doc. 25 at 6.) A plaintiff who litigates, in good faith, a close and undecided question in a proper venue is a candidate for transfer, not a target for dismissal.

DeBusk does not ask the Court to revisit its finding of no personal jurisdiction. She asks only that the Court do here what it did in *Panaro*: transfer this action rather than leave in place a dismissal that the running of the limitations period can render fatal. Rule 59(e) exists to correct that error and avoid a manifestly unjust and contradictory result.


Case 1:25-cv-00374-CLC-MJD Document 29 Filed 08/31/26 Page 2 of 17 PageID #: 245

## ARGUMENT

**A. This Court transferred the materially identical *Panaro* case to the Northern District of Illinois, and its opposite disposition here cannot be reconciled with that ruling.**

The starting point is the Court's own decision in *Panaro*. There, as here, United moved to dismiss a challenge to its COVID-19 vaccination policy for lack of personal jurisdiction or, in the alternative, to transfer the action to the Northern District of Illinois. This Court elected to decide the transfer question first, explaining that "a transfer of venue to the Northern District of Illinois would render the personal jurisdiction issue moot," and transferred the case in the interest of justice. 2024 WL 4291495, at *1, *4. Reading that decision as the Court's blueprint, DeBusk urged the Court to take up venue first because, as in *Panaro*, "a transfer of venue to the Northern District of Illinois would render the personal jurisdiction issue moot." (Doc. 23 at 9 n.1.) Yet the Court took the opposite course, addressed only personal jurisdiction, and dismissed the action without considering whether transfer was in the interest of justice. (Doc. 25.) United offers three reasons that divergence should stand. None is persuasive.

First, United contends that *Panaro* "involved a different procedural posture." (Doc. 28 at 15.) The only material difference is the transfer statute. *Panaro* arrived by removal, so United invoked Section 1404(a). Here, the Court found a want of personal jurisdiction, so Section 1631 governs. That difference identifies the source of the Court's authority. It does not identify a reason to dismiss rather than transfer.

Second, United asserts that *Panaro* "did not establish a rule requiring transfer" and "did not hold that a court must reach the transfer question before addressing personal jurisdiction." (Doc. 28 at 15.) DeBusk does not contend otherwise. She contends only that the prudential justification the Court found sufficient in *Panaro* is present here as well. In *Panaro*, this Court considered venue first "[b]ecause a transfer of venue to the Northern District of Illinois would render the personal jurisdiction issue moot," and it described that sequence as "a sound

prudential justification." 2024 WL 4291495, at *1 (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979)). The same justification exists here. United identifies no fact that distinguishes the two cases on that score.

Third, United contends that courts may reach "differing outcomes" on similar records. (Doc. 28 at 15–16.) They may—when a reason supports the difference. United supplies none. The defendant is the same. The employment policy is the same. The proposed transferee forum is the same. And a transfer to that forum, as in *Panaro*, would "render the personal jurisdiction issue moot." 2024 WL 4291495, at *1. No sound reason justifies a "differing outcome."

United contends that, "[m]ost importantly, *Panaro* does not alter the dispositive fact that Plaintiff never requested § 1631 transfer, or transfer under any statute." (Doc. 28 at 16.) That argument suffers from a glaring defect: **the *Panaro* plaintiffs *did not request transfer either***. They simply opposed transfer, devoting a section of their opposition to why "Venue is Proper in the Eastern District of Tennessee" and urging the Court to keep the case in their home State. *See* Pls.' Mem. of Law in Opp'n to Def.'s Mot. to Dismiss at 11, *Panaro v. United Airlines, Inc.*, No. 4:23-cv-00045-CLC-CHS (E.D. Tenn. Jan. 5, 2024), ECF No. 14. This Court transferred the case regardless. *See* 2024 WL 4291495, at *4. If a plaintiff's affirmative opposition to transfer was no obstacle in *Panaro*, then it should not be an obstacle here.

At bottom, this Court's decision to dismiss this action contradicts its ruling in *Panaro*. Rule 59(e) is the mechanism to correct that contradiction: as United itself acknowledges, the rule allows a court "to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." (Doc. 28 at 3 [quoting *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)].) The Court should reconcile this case with its decision in *Panaro*. *Cf. Johnson v. Hill Bros. Transp.*, 262 F. Supp. 2d 889, 891 (E.D. Tenn. 2003) ("Uniformity within the district is desired, if not required, to achieve legal predictability.").

## B. Section 1631 obligates courts to consider whether transferring an action would be in the interest of justice.

### 1. A party does not "waive" a court's mandatory duty under Section 1631.

United's principal argument in opposition is that DeBusk "adamantly opposed transfer," "expressly rejected" it, and "never requested" transfer under any statute. (Doc. 28 at 4–5, 9–11, 17.) That characterization conflates two distinct questions.

United misleadingly asserts that "Plaintiff rejected transfer as an option before judgment." (Doc. 28 at 7.) A plaintiff's opposition to a transfer under Section 1404(a)—a convenience-based transfer that presupposes the transferor court has jurisdiction—does not constitute a "rejection" of the court's separate and independent authority to transfer under Section 1631, which arises only after the court finds a want of jurisdiction. The two statutes operate in entirely different procedural contexts. A Section 1404(a) transfer is a party-driven, discretionary mechanism available only when jurisdiction exists. By contrast, a Section 1631 transfer is triggered by a court's finding of no jurisdiction. DeBusk's opposition to a Section 1404 transfer did not take the Section 1631 option off the table. Still less did it negate or disable the Court's independent duty, once it found jurisdiction lacking, to determine whether the interest of justice warrants transfer. *See* 28 U.S.C. § 1631 (providing that a court that "finds that there is a want of jurisdiction … shall, if it is in the interest of justice, transfer such action"). That duty is the court's, not a party's to confer or withhold.

United relatedly contends that DeBusk "waived" any request for a Section 1631 transfer. (Doc. 28 at 11–12.) That argument is meritless. "Waiver" refers to "a party's affirmative renunciation of an argument or right." *United States v. Pembrook*, 79 F.4th 720, 738 n.1 (6th Cir. 2023). DeBusk made no such "affirmative renunciation." Nor did she disclaim the Court's authority under Section 1631 in the event it found jurisdiction lacking. She argued that United was subject to personal jurisdiction in Tennessee and that a transfer for convenience under 28 U.S.C. § 1404(a) was unwarranted. That submission addressed the questions then

presented. It did not surrender the distinct statutory mechanism that arises *only after* a finding of want of jurisdiction. *See* 28 U.S.C. § 1631.

United cannot dispute that Section 1631 does not come into play until the court makes a jurisdictional determination—a finding that is logically impossible while a Section 1404(a) motion is being litigated. It follows that a plaintiff's silence about Section 1631 in opposing a Section 1404(a) motion cannot, as a matter of law, constitute a knowing and voluntary relinquishment of rights that have not yet come into existence. *See North v. Ubiquity, Inc.*, 72 F.4th 221, 228 (7th Cir. 2023) (concluding that "when federal courts find that they lack jurisdiction, they bear an independent obligation under § 1631 to consider whether to transfer the case—*even if neither party requests transfer*." (emphasis added)); *see also Baker v. Bensalz Prods. Inc.*, 478 F. Supp. 3d 618, 622 (S.D. Ohio 2020) (noting that "merely fail[ing] to raise the issue" of transfer "hardly suggests a knowing, intelligent, and voluntary relinquishment of a right").

DeBusk opposed United's motion to transfer for convenience under Section 1404. That provision presupposes a forum in which the action was properly brought and asks the court to relocate the case to a more convenient one. DeBusk's opposition argued that venue was proper in this District, so a discretionary convenience transfer was unwarranted. (Doc. 23.) Each passage United quotes comes from that debate. (*See* Doc. 28 at 10 [quoting Doc. 23 at 1, 2, 14].) Resisting a Section 1404 convenience transfer that presumes jurisdiction is not the same as disclaiming the Court's separate authority under Section 1631, which arises only *after* a court finds that jurisdiction is wanting. DeBusk never asked the Court to dismiss her case rather than transfer it. No plaintiff in her position would.

United contends that Rule 59(e) forbids "a new form of relief" and cannot be used "to introduce legal theories for the first time." (Doc. 28 at 4–5 [quoting *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997); citing *Jones v. Select Portfolio Servicing, Inc.*, 672 F.

App'x 526, 530 (6th Cir. 2016)].) That argument is refuted by United's own concession: that it "placed transfer before the Court." (Doc. 28 at 5.) Indeed, in the alternative to dismissal, United moved to transfer this action to the Northern District of Illinois under Sections 1404(a) and 1406(a). (Doc. 15; Doc. 28 at 2 & n.1 [acknowledging United "requested transfer"].) The choice between transfer and dismissal, therefore, was before the Court from the outset, exactly as it was in *Panaro*. The relief DeBusk seeks is not new; it is the disposition United proposed—as it did in *Panaro*. And Section 1631 does not depend on a party's express invocation of it. The statute directs that a court which "finds that there is a want of jurisdiction … shall, if it is in the interest of justice, transfer such action." 28 U.S.C. § 1631. The duty is triggered by the court's own jurisdictional finding, not by a litigant's specific request. *Cf. Baker*, 478 F. Supp. 3d at 622 (holding that plaintiffs' failure to request transfer of action, following court's determination that it lacked personal jurisdiction over defendants, did not preclude district court from considering whether interest of justice supported transfer of action).

United's central argument is that *Cosmichrome, Inc. v. Spectra Chrome, LLC* forecloses relief because DeBusk "never moved for a transfer" and thus cannot charge the Court "with having abused a discretion it was never asked to exercise." (Doc. 28 at 6–8, 10 (quoting 504 F. App'x at 472).) *Cosmichrome* does not bear that weight.

First, *Cosmichrome* states the governing rule in DeBusk's favor. The Sixth Circuit held that "having determined that it lacked personal jurisdiction over Defendants, the district court should have either dismissed the action without prejudice … or, in the interest of justice, transferred it … pursuant to 28 U.S.C. §§ 1406(a) or 1631." 504 F. App'x at 471–72 (internal citations omitted). The Court never made that determination here.

Second, *Cosmichrome* is factually distinguishable. The Sixth Circuit based its holding on its conclusion that "there was no reason for the district court to presume that Plaintiffs wanted their case transferred." 504 F. App'x at 472. In *Cosmichrome*, ***no party sought transfer***;

the defendants moved only to dismiss under Rules 12(b)(2) and (6). *Id*. at 470. Here, United itself moved to transfer this action to the Northern District of Illinois. The *Cosmichrome* plaintiffs also "filed no opposition" to the motion to dismiss and raised transfer only "in the last sentence of their Rule 59(e) motion … without further explanation." *Id.* at 471, 472. Here, DeBusk opposed United's motion in full and argued against transfer at length while implicitly acknowledging that the Northern District of Illinois was a valid forum. (Doc. 23 at 9 n.1.) Finally, the *Cosmichrome* plaintiffs "chose to file [their] action in the Northern District of Ohio after their prior state-court action had been dismissed [in Ohio] based on the lack of personal jurisdiction." *Id.* at 472. They were told once that Ohio lacked jurisdiction yet refiled in Ohio anyway. DeBusk filed once—and in a State where this Court found that "some factors do cut in favor of jurisdiction." (Doc. 25 at 6.)

What is more, *Cosmichrome* expressly reserved the question this case presents. The Sixth Circuit "d[id] not preclude the possibility that a district court's failure to sua sponte transfer a case may constitute an abuse of discretion where the interest of justice clearly warrant a transfer." 504 F. App'x at 472 n.4. One "compelling reason for transfer," the Sixth Circuit noted, is "when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." *Id.* (quoting *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005)) (citation modified). The Court did not reach that question "because no compelling reason for a transfer was raised." *Id.*

DeBusk has raised the precise circumstance that the Sixth Circuit recognizes as "especially compelling" for transferring a case to a proper forum rather than dismissing it: "if the statute of limitations has run since the commencement of the action, so that dismissal might prevent the institution of a new suit by the plaintiff and a resolution on the merits." *Jackson v. L & F Martin Landscape*, 421 F. App'x 482, 484 (6th Cir. 2009) (quoting 14D Wright & Miller,

Fed. Prac. & Proc. § 3827, at 587 (3d ed. 2007)).[1] DeBusk has established (Doc. 27 at 16–18) that Title VII's ninety-day limitations period has run, so that dismissal threatens to leave her claims "time-barred on refiling in the proper forum." *Cosmichrome*, 504 F. App'x at 472 n.4 (quoting *Daniel*, 428 F.3d at 435). The question *Cosmichrome* reserved is thus squarely presented, and on these facts a refusal to transfer under Section 1631 would constitute an abuse of discretion.

United's remaining citations are even farther afield. (Doc. 28 at 10–11.) In *Erdman v. Erdman*, the Sixth Circuit declined to fault the district court for not transferring sua sponte because *no party had requested transfer* and because transfer would have been "meaningless": the amount-in-controversy defect that defeated jurisdiction in Michigan would have defeated it in Texas as well. 173 F.3d 854, 1999 WL 183405, at *1 (6th Cir. Mar. 16, 1999) (table). Neither condition is present here. United itself requested transfer to a forum in which this action concededly could have been brought.

*Caldwell* is equally inapposite. The Fifth Circuit affirmed a dismissal where the plaintiffs failed even to allege facts connecting the defendants to the forum, confused personal jurisdiction with subject-matter jurisdiction, and prosecuted a frivolous appeal for which they were sanctioned. *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 917–19 (5th Cir. 1987) (per curiam). The court of appeals held that, although transfer was within the district court's discretion, "the interests of justice may be best served by requiring the plaintiffs to begin at the beginning in the proper forum." *Id.* at 919. That decision is thus about a record that supplied no colorable jurisdictional theory and no compelling reason to transfer. Moreover, the

[1] Moreover, United itself supplied the Court with compelling reasons to transfer. In its motion, United argued that "this dispute belongs in the Northern District of Illinois," that Illinois is "a more convenient and appropriate forum," and that "this action should have been brought in the Northern District of Illinois," and it asked the Court to transfer the case there. (Doc. 15 at 1, 10, 18.) Transfer was therefore squarely before the Court, and the Court was aware that transfer to Illinois was the alternative to dismissal.

transfer analysis proceeded under "28 U.S.C. § 1404 and § 1406" alone. *Id.* at 919. Section 1631 was not even before the court. As such, that case does not stand for the proposition that a court may sidestep the interest-of-justice inquiry under Section 1631 when (as here) the defendant has requested transfer to a proper forum, the plaintiff has litigated a close and unsettled question in good faith, and dismissal would expose timely Title VII claims to a limitations bar.

*Thornton v. Walter*, 774 F.2d 1164, 1985 WL 13711 (6th Cir. Sept. 17, 1985) (table), is likewise off point. The Sixth Circuit analyzed transfer solely under Sections 1404(a) and 1406(a), not Section 1631. No party had requested transfer; the defendant moved only to dismiss, and the question on appeal was whether the district court was obliged to transfer sua sponte. Here, United itself moved to transfer this action to the Northern District of Illinois. (Doc. 15; Doc. 28 at 2 & n.1.) Even on that narrower record, the Sixth Circuit affirmed "without prejudice with respect to the district court's consideration of appellant's motion pursuant to Fed. R. Civ. P. 60," 1985 WL 13711, at *2, confirming that post-judgment correction—of the kind DeBusk seeks here—is an appropriate vehicle when dismissal would leave a claim time-barred.

**2. The decision to transfer is discretionary, but Section 1631 still requires the court to consider whether transferring would be in the interest of justice.**

United contends that Section 1631's "interest-of-justice inquiry is necessarily discretionary and case-specific" (Doc. 28 at 6–7), and that it is "mere speculation" to infer, from the silence of the Court's Memorandum and Order, that the Court did not determine whether transfer under Section 1631 would be in the interest of justice (Doc. 28 at 9). That is off the mark. "[A] court speaks officially through its orders, not its opinions." *Flannigan v. Consol. Rail Corp.*, 888 F.2d 127 (6th Cir. 1989) (table). The Judgment Order dismissed the action without prejudice for lack of personal jurisdiction. (Doc. 26.) It does not mention Section

1631. Nor does it find that transfer would, or would not, serve the interest of justice. The official act of the Court is a dismissal.[2] It is not a determination under Section 1631.

Although the decision to transfer is at the court's discretion, the Sixth Circuit is clear that after finding no jurisdiction, a court is *required* by Section 1631 to determine whether transfer is in the interest of justice. *See Woody v. Marberry*, 178 F. App'x 468, 473 (6th Cir. 2006) ("Pursuant to 28 U.S.C. § 1631, a district court is required to transfer an action in which it lacks jurisdiction to the appropriate federal jurisdiction 'if it is in the interest of justice.'" (citation omitted)); *see also, e.g.*, *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) ("[A] district court that lacks personal jurisdiction must at least consider a transfer."). Indeed, "[t]he statute's plain text yields a plain conclusion: 'a district court that lacks personal jurisdiction must at least consider a transfer' and 'make some findings under § 1631.'" *North*, 72 F.4th at 228 (quoting *Danziger*, 948 F.3d at 132).

Predictably, United contends that *Jackson v. L & F Martin Landscape*, 421 F. App'x 482 (6th Cir. 2009), is inapposite because the plaintiff there "expressly requested transfer," while DeBusk did not. (Doc. 28 at 9–10.) That is irrelevant for the Section 1631 analysis. A district court abuses its discretion when it dismisses for want of jurisdiction "without first determining whether a transfer would be 'in the interest of justice.'" 421 F. App'x at 484. The error was the omitted determination. The plaintiff's alternative request is how the issue reached the court in that case. It is not the source of the court's obligation. Section 1631 supplies that obligation. A court that "finds that there is a want of jurisdiction … shall, if it is in the interest

[2] United's own account of the proceedings confirms the point. United states that "[t]he Court found there was no jurisdiction and did not need to reach" its alternative transfer argument. (Doc. 28 at 5.) That is an admission that transfer was not decided, not evidence that it was decided *sub silentio*. The Court's statement that dismissals for lack of personal jurisdiction should be without prejudice, (Doc. 25 at 8 n.1), addresses the form of the dismissal. It does not substitute for the antecedent inquiry whether the action should be transferred.

of justice, transfer such action." 28 U.S.C. § 1631. The duty is triggered by the jurisdictional finding, not by which party first mentions transfer.

United's distinction also fails on its own terms: jurisdiction and transfer were before this Court. United moved to dismiss for lack of personal jurisdiction, or in the alternative, to transfer this action to the Northern District of Illinois. (Doc. 15; Doc. 28 at 2 & n.1.) *Jackson* does not require that the *plaintiff* be the party who places jurisdiction or transfer on the table. It requires that the court decide whether transfer serves the interest of justice once jurisdiction is found wanting. That question was presented. It was not decided.

This Court's decision in *Panaro* is consistent with that understanding. The plaintiffs in that case opposed transfer and asked to remain in this District. *They did not ask the Court to transfer the action if it found jurisdiction lacking*. The Court nonetheless transferred the action. 2024 WL 4291495, at *4. Affirmative opposition to transfer did not constitute waiver there. The absence of a request expressly captioned under Section 1631 cannot constitute waiver here.

## C. Transferring this action would be in the interests of justice, whereas dismissal would result in a manifest injustice.

The Sixth Circuit has noted that transferring a case to a proper forum rather than dismissing it is "especially compelling if the statute of limitations has run since the commencement of the action, so that dismissal might prevent the institution of a new suit by the plaintiff and a resolution on the merits." *Jackson*, 421 F. App'x at 484. As DeBusk argued in her Motion (Doc. 27 at 15–18), dismissing this action rather than transferring it to the Northern District of Illinois would result in a manifest injustice because the limitations period governing her Title VII claims elapsed during the pendency of this action; thus, she may be barred from bringing her claims in a new action.

United contends that the limitations bar is "purely speculative" because DeBusk states she "may" be barred and reserves equitable-tolling arguments. (Doc. 28 at 2, 11–13.) The argument is circular, and it is wrong on the law.

The limitations rule is settled. Title VII requires suit within ninety days of the right-to-sue notice, 42 U.S.C. § 2000e-5(f)(1), and that period has run. The Sixth Circuit holds that "the filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period of Title VII." *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987). A new complaint would be untimely on its face. The only contingency is discretionary equitable tolling, which is the uncertain, fact-bound relief that Section 1631 exists to spare the plaintiff.

That is why United's own authority defeats this argument. *Cosmichrome*, quoting *Daniel*, identifies a potential time-bar on refiling as the classic "compelling reason" for transfer instead of dismissal. 504 F. App'x at 472 n.4. United cannot invoke *Cosmichrome* as its lead authority and, in the same breath, dismiss as "speculative" the very circumstance *Cosmichrome* deems compelling.

The governing standard, in any event, is *risk*, not certainty. *Jackson* deems transfer "especially compelling if the statute of limitations has run … so that dismissal *might* prevent the institution of a new suit." 421 F. App'x at 484 (emphasis added). DeBusk's reservation of arguments does not dissolve the prejudice; it demonstrates it. Section 1631 preserves her original filing date by operation of law; dismissal forces her into a new action and a discretionary tolling dispute she may not win. United's suggestion that DeBusk may simply litigate tolling in Illinois mistakes the remedy. As the Seventh Circuit, whose law would govern any Illinois action, has explained, "Equitable tolling is not a remedy for an erroneous judgment; appeal, or in exceptional cases a motion under Fed. R. Civ. P. 60, is." *Elmore v. Henderson*, 227 F.3d 1009, 1013 (7th Cir. 2000). The remedy for an erroneous dismissal that triggers a time-bar is its post-judgment correction here, not a tolling gamble there.

Beyond the limitations bar, dismissal inflicts a second, needless injury: it forces DeBusk to file her complaint a second time, pay a second filing fee, and serve United anew, all to reach a forum the Court could reach by a single order. United calls these "ordinary

incidents of dismissal." (Doc. 28 at 15.) They are not ordinary for *this* plaintiff, whom United terminated after twenty-six years and who now litigates from a small family farm in rural Tennessee. (Doc. 23-1 ¶¶ 3, 20, 27, 30.) Section 1631 exists to spare a plaintiff this very "additional expense," *Roman*, 340 F.3d at 328, and courts transfer rather than dismiss to avoid making plaintiff "incur the additional expense of filing the same petition" elsewhere, *Burrell v. Concept AG, LLC*, 2019 WL 12762540, at *14 (W.D. Tenn. Aug. 23, 2019).

Whether measured by the extinction of her claims or the needless expense of refiling, the dismissal visits on DeBusk precisely what the Court spared the plaintiffs in *Panaro* on the same facts. That is a manifest injustice, and Rule 59(e) exists to prevent it.

### D. DeBusk's good-faith decision to litigate in this jurisdiction an unsettled jurisdictional question the Court confronted in *Panaro* cannot justify the different result.

United contends that DeBusk's counsel "reasonably could have foreseen" that Tennessee was an improper jurisdiction and that dismissal serves the deterrence interest recognized in *Stanifer v. Brannan*, 564 F.3d 455, 457 (6th Cir. 2009). (Doc. 28 at 8, 12–14.) The Court's own Memorandum refutes the premise.

This Court found the jurisdictional question unsettled. It observed that "the Court of Appeals for the Sixth Circuit has not addressed the issue of personal jurisdiction over fully remote employees" (Doc. 25 at 4), and it found that several governing factors "do cut in favor of jurisdiction" (*id.* at 6). A plaintiff cannot be charged with "reasonably foreseeing" that a forum was improper when the controlling court of appeals had never resolved the question and this Court found the answer close. *Stanifer* confirms the point rather than undermine it. The district court there withheld transfer from a plaintiff who had sued "without having the slightest reason to believe" that jurisdiction existed. 564 F.3d at 457. This case is its opposite: venue was proper under 42 U.S.C. § 2000e-5(f)(3), and the Court credited part of DeBusk's jurisdictional showing. Section 1631 exists to prevent a plaintiff from being punished for

litigating, in good faith, an open jurisdictional question and losing. *Cf., e.g.*, *Clay v. AIG Aerospace Ins. Servs., Inc.*, 61 F. Supp. 3d 1255, 1272 (M.D. Fla. 2014) ("Plaintiffs' claims for relief would be time-barred by the applicable statute of limitations, effectively acting as an adjudication where no court has entertained Plaintiffs' claims on their merits. This is exactly the result 28 U.S.C. § 1631 seeks to avoid."); *ITT Base Servs. v. Hickson*, 155 F.3d 1272, 1276 (11th Cir. 1998) (transferring petition in the interest of justice after it was filed "in the wrong court for very understandable reasons" and "[a]ny appeal to the appropriate district court would probably be time-barred if we were to dismiss this case" (citation omitted)).

Nor does it matter that United, before it moved, suggested that DeBusk abandon this forum and refile in Illinois, or that she declined. (Doc. 28 at 14.) Declining an adversary's demand to surrender a good-faith jurisdictional position, on a question this Court found unsettled, is not a lack of diligence; it is litigation. *Cf., e.g.*, *Ocean Reef Charters, LLC v. Travelers Prop. Cas. Co. of Am.*, 2025 WL 2027496, at *10 (S.D. Fla. July 16, 2025) ("Given the lack of clear precedent, Travelers was free to take a good-faith legal position on an open question of law."); *Batista v. City of Bayonne*, 2026 WL 91419, at *4 (D.N.J. Jan. 12, 2026) ("In light of the uncertainty in the legal issue and facts, the Court finds Defendants had a good faith basis for its arguments."); *Insurent Agency Corp. v. Hanover Ins. Co.*, 2020 WL 86813, at *6 (S.D.N.Y. Jan. 8, 2020) ("Given the lack of precedent on this issue, it was not unreasonable for Plaintiffs to take the position that Insurent's copyright registration was valid."). Section 1631's protection does not evaporate because a plaintiff chose to defend her chosen forum in good faith rather than capitulate to her opponent's.

United's enumerated "interest of justice" factors (Doc. 28 at 17) are its waiver argument in another form. United is effectively urging the Court to deny transfer as a punishment for DeBusk's having argued in good faith that jurisdiction existed. But the interest-of-justice inquiry looks to whether the action could have been brought in the transferee forum, whether

dismissal would time-bar it, and whether the plaintiff proceeded in good faith. *Concord Music Grp., Inc. v. Anthropic PBC*, 738 F. Supp. 3d 973, 990 (M.D. Tenn. 2024); *LGT Enters., LLC v. Hoffman*, 614 F. Supp. 2d 825, 842 (W.D. Mich. 2009). Each consideration favors transfer. Illinois is concededly a proper forum; the claims are time-threatened; and nothing in the record suggests DeBusk chose Tennessee to harass United or to abuse this forum.

## CONCLUSION

Rule 59(e) empowers the Court to correct a clear error of law and to prevent manifest injustice. The Court can grant this motion without disturbing its personal-jurisdiction ruling. It need only make the interest-of-justice determination Section 1631 requires, transfer this action to the United States District Court for the Northern District of Illinois as it did in *Panaro*, and thereby avoid an inconsistent and contradictory result that would inflict manifest injustice. DeBusk respectfully requests that the Court do so.

Dated: August 31, 2026

Respectfully submitted,

/s/ Horatio G. Mihet

Horatio G. Mihet*
(Fla. Bar No. 26581)
Daniel J. Schmid*
(Va. Bar No. 84415)
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
hmihet@lc.org
dschmid@lc.org

* Admitted *pro hac vice*

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: August 31, 2026

Respectfully submitted,

/s/ Horatio G. Mihet
Horatio G. Mihet*

*Attorney for Plaintiff*